# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

|  |  |  |
|---|---|---|
| **ASHLEY MARIE SAUL,** | ) | |
| | ) | |
| **Plaintiff, on her own behalf,** | ) | |
| **and for all those similarly** | ) | |
| **situated pursuant to** | ) | |
| **29 U.S.C. § 216(b),** | ) | |
| | ) | |
| | ) | **Civil Action No:** 7:16cv00177 |
| **v.** | ) | |
| | ) | |
| **IT'S ABOUT TIME, INC.,** | ) | |
| | ) | |
| **Serve:** | ) | |
| **Registered Agent Mitzi J. Tuck** | ) | |
| **1316 S. Jefferson Street** | ) | |
| **Suite 1 Lower Level** | ) | |
| **Roanoke, VA 24016** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

The above-named Plaintiff, Ashley Marie Saul, (hereinafter, "the Representative Plaintiff"), by counsel, states as her Complaint against Defendant, It's About Time, Inc. (hereinafter, "IAT" or "Defendant"), the following:

## I. JURISDICTION

Pursuant to the enforcement mechanisms of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (hereinafter, "FLSA"), the Representative Plaintiff brings this action on behalf of herself as well as all those similarly situated (hereinafter, "Collective Action Members"). This Court has jurisdiction over this matter as it arises from the federal

questions presented by the FLSA, as codified under 29 U.S.C. §§ 206, 207 and 216; *see also* Title 28 U.S.C. §§ 1331, 1337, 2201, and 2202. The FLSA allows employees to initiate legal actions for themselves and on behalf of similarly situated others. Specifically, the statute authorizes "one or more employees" to initiate a suit "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b); s*ee also Smith v. Central Security Bureau, Inc.*, 231 F. Supp. 2d 455, 461 (W.D. Va. 2002) (noting that the United States Court of Appeals for the Fourth Circuit has never expressly foreclosed the possibility that a plaintiff or group of plaintiffs could bring an action in dual individual and collective capacities, so long as the complaint clearly has put the employer and the court on notice of such).

Venue is proper in this Court. A substantial part of the acts and/or omissions of Defendant, from which the causes of action arise, occurred within the Western District of Virginia. *See* 28 U.S.C. § 1391(b). Specifically, the Representative Plaintiff resided and worked in and near Roanoke, Virginia, during her employment with Defendant.

## II. THE PARTIES

1. The Representative Plaintiff and Collective Action Members are all either current or former Direct Support Professionals, sometimes referred to as "Direct Support Providers", (hereinafter "DSP" or "DSPs") for IAT. IAT DSPs provide day support and residential services to individuals affected with an intellectual disability, including skill building and support in the areas of motor skills, communication, socialization, personal self-care, activities of daily living, health and safety, and behavioral concerns (hereinafter "individuals").

2.      The Representative Plaintiff and Collective Action Members, at all times relevant to the Complaint, were "employees" of IAT, as that term is defined in 29 U.S.C. § 203(e)(1).

3.      Ms. Saul was a DSP for IAT from September 9, 2015 until March 9, 2016.  Her decision to opt-in to this collective action is evinced by Exhibit A hereto.

4.      IAT is a corporation incorporated and with its principal place of business in Roanoke, Virginia.  IAT provides support to individuals affected with intellectual and/or developmental disabilities.  IAT is licensed by the Virginia Department of Behavioral Health and Developmental Services, and the Virginia Office of Intellectual Disability Supports.

5.      At all times relevant to the Complaint, IAT was an "enterprise engaged in the commerce or the production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1).

6.      At all times relevant to the Complaint, IAT was an "employer" of the Representative Plaintiff, as that term is defined in 29 U.S.C. § 203(d), and bound to comply with FLSA wage and overtime compensation requirements.

### III. FACTUAL BACKGROUND

7.      At all times relevant to the Complaint, IAT violated the FLSA by denying the Representative Plaintiff and Collective Action Members overtime wages and failing to appropriately compensate the Representative Plaintiff and Collective Action Members.

8.      As DSPs, the job duties of the Representative Plaintiff and Collective Action Members included, but were not limited to, providing meals to individuals, assisting

individuals in using the bathroom, overseeing art and reading projects for individuals, managing individuals' medications, assisting individuals in accessing community resources, helping individuals learn basic life skills, assisting individuals in gaining access to recreational and educational opportunities, completing daily paperwork and reports related to the individuals, and attending staff meetings, team meetings, and monthly supervision meetings.

9.      DSPs were not required to have particular degrees or licenses related to their field, nor were DSPs required to perform "office" work related to the management or general business operations of IAT.

10.     DSPs were paid an hourly rate and were considered to be Non-exempt employees by IAT, for purposes of the FLSA.

11.     Upon information and belief, IAT knowingly and in bad faith improperly denied DSPs overtime pay in violation of the FLSA by requiring DSPs who worked more than forty (40) hours per week to "write off" and/or "donate" any hours worked in excess of 40 hours as "volunteer" time.

12.     Specifically, DSPs were required to use a sign-in sheet to record their IAT work hours every morning and afternoon, and were explicitly instructed by supervisory employees to falsify their time to equal no more than forty (40) weekly work hours, even if the DSP worked more than forty (40) hours in a week.  A calculator was provided at the sign-in sheet for this purpose.

13.     DSPs routinely worked more than forty (40) hours a week.

14.     IAT's improper conduct was not, however, limited to its time falsification

practices. Indeed, IAT supervisors coerced DSPs to "donate" their earned overtime, or face termination.

15. IAT supervisors, including Sue Ann Ziegler and Stephanie Simmons, informed DSPs during weekly meetings that any overtime hours billed, and not "donated," warranted a "write up," and if earned overtime was billed a second time, the DSP would be terminated.

16. Upon information and belief, Ms. Ziegler and Ms. Simmons received this mandate from IAT's CEO Mitzi Tuck and Executive Director Leslie Ewald.

17. Every DSP was paid a varying amount from week to week and no DSP received overtime compensation, even if they worked more than forty (40) hours per week.

## COUNT I: CLAIM FOR VIOLATION OF THE FLSA
### Failure to Pay Overtime

18. The Representative Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

19. At all times relevant to the Complaint, the Representative Plaintiff and Collective Action Members were not compensated for, including but not limited to, any hours worked more than forty (40) hours per week.

20. Indeed, the Representative Plaintiff and Collective Action Members were coerced by IAT into "writing off" any hours worked more than forty (40) hours per week as "volunteer" or "donated" hours, or risk termination by IAT.

21. The Representative Plaintiff and Collective Action Members regularly worked more than forty (40) hours per week for IAT.

22.     The Representative Plaintiff and Collective Action Members were not exempt from the overtime compensation requirements of the FLSA.

23.     Under the FLSA, IAT was required to compensate the Representative Plaintiff and Collective Action Members at the appropriate rate of overtime pay for each hour over forty (40) they worked in a week.

24.     IAT, acting in bad faith, refused to compensate the Representative Plaintiff and Collective Action Members at the overtime rate mandated by the FLSA.

25.     At all times relevant to the Complaint, the IAT was fully aware of the overtime compensation requirements of the FLSA and knew or should have known that the Representative Plaintiff and Collective Action Members did not qualify for any exemption from these requirements.

26.     Additionally, IAT willfully and unlawfully coerced and/or threatened the Representative Plaintiff and Collective Action Members into classify their overtime hours as "volunteer" or "donated" in order to avoid the overtime compensation requirements of the FLSA.

27.     IAT cannot show that its violations of the FLSA were in good faith and that it has reasonable grounds for believing that its acts or omissions were not violations of the FLSA.

28.     As used herein, "willful" is meant in accordance with 29 U.S.C. § 255(a), and "good faith" and "reasonable grounds" is meant in accordance with 29 U.S.C. § 260.

29.    IAT is liable under the FLSA to the Representative Plaintiff and Collective Action Members for actual and liquidated damages for its willful and bad faith failure to pay overtime as described above.

WHEREFORE, Representative Plaintiff Ashley Marie Saul and Collective Action Members respectfully request the following relief from the Court:

A.  That the Court certify this matter as an opt-in collective action pursuant to 29 U.S.C. § 216(b);

B.  That the Court grant declaratory judgment that IAT violated the FLSA;

C.  That the Court enjoin IAT from further violations of the FLSA pursuant to 29 U.S.C. § 217;

D.  That the Court order IAT to pay the Representative Plaintiff and Collective Action Members compensatory and actual damages and an equal amount of liquidated damages as provided by the FLSA;

E.  That the Court award reasonable attorneys' fees and costs as provided by the FLSA;

F.  That the Court award prejudgment and post-judgment interest; and

G.  That the Court award such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

ASHLEY MARIE SAUL,

Plaintiff, on her own behalf, and for
all those similarly situated pursuant to
29 U.S.C. § 216(b)


/s/ Thomas Strelka
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
STRELKA LAW OFFICE, P.C.
119 Norfolk Avenue, S.W.
Suite 330, Warehouse Row
Roanoke, VA  24011
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelklaw.com

*Counsel for Plaintiff*